Mary Jo O'Neill, AZ Bar No. 005294, mary.oneill@eeoc.gov
Sally C. Shanley, AZ Bar No. 012251, sally.shanley@eeoc.gov
P. David Lopez, DC Bar No. 426463, patrick.lopez@eeoc.gov
Valerie L. Meyer, CA Bar No. 228586, valerie.meyer@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-2504
Telephone: (602) 640-5016
Fax: (602) 640-5009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> LUMPY LLC, doing business as CHILLY BOMBERS BAR & GRILL, <br><br> Defendant | Case No.: <br><br> COMPLAINT <br><br> (JURY TRIAL DEMANDED) |

## **NATURE OF THE ACTION**

This is an action under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to restrain the unlawful payment of wages to male employees at rates less than the rates paid to female employees, to correct unlawful employment practices on the basis of sex, female and pregnancy, and to provide appropriate relief due to Christine Sedita as a result of such unlawful practices. The Commission alleges that Lumpy LLC (hereinafter "Defendant Employer") paid manager Christine Sedita (hereinafter "Ms. Sedita") at a wage rate less than the rates paid to its male managers performing substantially equal work, and otherwise discriminated against her because she was pregnant. As alleged with greater particularity in paragraph

9 below, Defendant Employer paid Ms. Sedita less than it paid her male predecessor and a male assistant manager. In addition, because of Ms. Sedita's pregnancy and her sex, female, Defendant Employer refused to pay Ms. Sedita a salaried wage, rather than an hourly wage.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona, Phoenix Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Defendant, Lumpy LLC (the "Employer"), has continuously been an Arizona limited liability corporation doing business in the State of Arizona and the City of Phoenix, and has continuously had at least 15 employees.

5.   At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.   At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.   At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF TITLE VII CLAIMS

8.   More than thirty days prior to the institution of this lawsuit, Christine Sedita filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

9.   Since at least March 2004, Defendant Employer has engaged in unlawful employment practices at its Phoenix, Arizona restaurant known as Chilly Bombers Bar and Grill, in violation of Section 703(a)(1) and (h) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (h).  These unlawful employment practices include, but are not limited to:

    a.   Because of her sex, female, and her pregnancy, female, Defendant Employer failed to offer Ms. Sedita a salaried position, and instead kept her as an hourly employee.

    b.   Because of her sex, female, and her pregnancy, Defendant Employer paid Ms. Sedita at a lesser rate than it had paid her male predecessor and a male assistant manager.

10.     The effect of the practice(s) complained of in paragraph 9 above has been to deprive Christine Sedita of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female, and pregnancy.

11.     The unlawful employment practices complained of in paragraph 9 above were intentional.

12.     The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Christine Sedita.

## STATEMENT OF EPA CLAIMS

13.     Since at least March 2004, Defendant Employer has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to Christine Sedita, a female managerial employee at its Chilly Bombers Bar & Grill location, at rates less than the rates paid to male managerial employees in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.  Defendant Employer paid Ms. Sedita, a female, at a rate less than the rate paid to her male predecessor and a male assistant night manager.  Ms. Sedita and the two male managers performed, under similar working conditions, substantially equal work requiring equal skill, effort, and responsibility.

14.     As a result of the acts complained of above, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of wages due to Christine Sedita.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in wage discrimination and in any other employment practice which discriminates on the basis of sex and pregnancy.

B.     Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

C.     Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, including pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendant Employer to make whole Christine Sedita, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.     Pursuant to 42 U.S.C. § 1981a(b), order Defendant Employer to make whole Christine Sedita by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 9 above, including but not limited to job search expenses, in amounts to be determined at trial.

F.     Pursuant to 42 U.S.C. § 1981a(b), order Defendant Employer to make whole Christine Sedita by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

G.     Order Defendant Employer to pay Christine Sedita punitive damages for its malicious and/or reckless conduct described in paragraph 9 above, in an amount to be determined at trial.

H.     Grant a judgment requiring Defendant Employer to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and

prejudgment interest to Christine Sedita, whose wages are being unlawfully withheld as a result of the acts complained of above.

    I.    Grant such further relief as this Court deems necessary and proper in the public interest.

    J.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 22nd day of March, 2006.

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    EQUAL EMPLOYMENT
    OPPORTUNITYCOMMISSION
    1801 L Street, NW
    Washington, D.C.  20507

    s/ Mary Jo O'Neill
    MARY JO O'NEILL
    Regional Attorney

    s/ Sally C. Shanley
    SALLY C. SHANLEY
    Acting Supervisory Trial Attorney

    P. DAVID LOPEZ
    Trial Attorney

    s/ Valerie L. Meyer
    VALERIE L. MEYER
    Trial Attorney

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    Phoenix District Office
    3300 N. Central Ave.
    Suite 690
    Phoenix, Arizona 85012

    Attorneys for Plaintiff